IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL REESE BOBO #K80580,  )
                             )
           Plaintiff,        )
                             )
     v.                      )    No.  11 C 4881
                             )
ILLINOIS DEPARTMENT OF       )
CORRECTIONS (STATEVILLE),    )
et al.,                      )
                             )
           Defendants.       )

MEMORANDUM ORDER

Michael Reese Bobo ("Bobo") has just tendered a 42 U.S.C. §1983[1] Complaint, using the form provided by our District Court for use by persons in custody. There are a number of problems with Bobo's filing--for example:

1. Because "a State is not a person within the meaning of §1983" (Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989)), the state agencies that Bobo has designated as defendants cannot be targets of a Section 1983 lawsuit.

2. Bobo has neither paid the $350 filing fee nor presented an In Forma Pauperis Application ("Application"), which if granted might permit him to proceed without full prepayment of that filing fee (but would still obligate him under 28 U.S.C. §1915 to pay the entire fee in future installments).

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

Under the circumstances, however, this Court is loath to stick Bobo with the $350 fee requirement, whether in advance or in installments, because in any event he has failed to satisfy a precondition to bringing this action. Under Section 1997e(a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

And although Complaint §IV refers to Bobo's internal complaints that he has made to persons at Stateville Correctional Center, where he is in custody, he does not reflect his having pursued the matter through whatever official or body serves as the actual decisionmaker as to his proper custodial status.[2] Accordingly both the Complaint and this action are dismissed without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 25, 2011

---

[2] Though this Court is not itself aware of what the proper procedural channels for that purpose would be, it plans to look into the possibility of obtaining the information that might be provided by a Pavey hearing (Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008)) on that subject, for Bobo's use if he were to try again. In the meantime, however, this action cannot go forward now.